UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH P., | |
| Plaintiff, | Case No. C23-6130-SKV |
| v. | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1984, has a limited education, and previously worked as a roofer, cook helper, and pastry cook. AR 26, 348. Plaintiff was last gainfully employed in September 2019. AR 26.

In June 2020, Plaintiff applied for benefits, alleging disability as of September 2019. AR 324-39. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 83-195. After the ALJ conducted a hearing in December 2022, the ALJ issued a decision finding that Plaintiff became disabled in September 2019, but experienced medical improvement and was no longer disabled as of March 31, 2022. AR 14-42.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since September 2019.

**Step two**: Plaintiff has the following severe impairments: seizure disorder, unspecified depressive disorder, and adjustment disorder with mixed anxiety and depressed mood.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC) from September 2019 through March 30, 2022**: Plaintiff can perform a full range of work at all exertional levels with some nonexertional limitations. He can never climb ladders, ropes, or scaffolds, be exposed to hazards such as unprotected heights and dangerous machinery, operate motorized vehicles as part of job tasks, or perform conveyor belt-paced production tasks. He can understand, remember, and carry out simple work, with standard work breaks and occasional interaction with the public and co-workers. He cannot perform tandem or teamwork. He would miss two or more days of work each month.

**Step four from September 2019 through March 30, 2022**: Plaintiff cannot perform past relevant work.

**Step five from September 2019 through March 30, 2022**: As there are no jobs existing in significant numbers in the national economy which Plaintiff can perform, Plaintiff is disabled.

**RFC beginning March 31, 2022**: Plaintiff can perform a full range of work at all exertional levels with some nonexertional limitations. He can never climb ladders, ropes, or scaffolds, be exposed to hazards such as unprotected heights and dangerous machinery, operate motorized vehicles as part of job tasks, or perform conveyor belt-paced production tasks. He can understand, remember, and carry out simple work, with standard work breaks and occasional interaction with the public and co-workers. He cannot perform tandem or teamwork.

**Step four beginning March 31, 2022**: Plaintiff cannot perform past relevant work.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step five beginning March 31, 2022**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 22-23, 26-30, 33-34.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, symptom testimony, and lay witness statements.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Err in Evaluating the Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.     Medical Evidence Prior to March 31, 2022*

Plaintiff dedicates almost six pages in his opening brief to summarizing various medical findings from March 2019 through March 2022, noting it "provides a baseline" for his limitations after March 31, 2022, but Plaintiff also appears to claim the ALJ erred in assessing medical records from this period.  Dkt. 9 at 3-9.  The ALJ considered this evidence and deemed him disabled; but concluded beginning on March 31, 2022, his seizures and medication stabilized and he was no longer disabled.  AR 22-33.  Plaintiff's vague reference to error during a period the ALJ found him disabled is unavailing.  *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking agency's decision); *see also Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022) (listing clinical findings does not present issue for

appellate review). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

        2.        Crystal Wilmot, ARNP

Plaintiff asserts the ALJ erred by failing to accept ARNP Wilmot's December 2022 opinion concerning absenteeism. Dkt. 9 at 9. ARNP Wilmot reported Plaintiff would likely be absent from work one day a month, but indicated the frequency was unknown because his seizures could occur at any time. AR 1235. The ALJ accommodated this by limiting the type and complexity of work Plaintiff could perform, and by limiting him to unskilled work that allowed absences up to one day a month. AR 30, 33-34; *see also* AR 77-78 (Vocational Expert testified that "regularly missing more than one and a half days a month would rule out unskilled labor."). Plaintiff's summary challenge fails to demonstrate error in the ALJ's decision. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (RFC properly tracked persuasive opinion even though it did not incorporate it in full); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (any error in omitting credited limitations from an RFC finding is harmless where the identified jobs incorporate the omitted limitations).

The Commissioner also highlights that although ARNP Wilmot indicated Plaintiff's seizures could occur at any time, she noted Plaintiff was seizure free since January 2022. Dkt. 11 at 8; *see* AR 1234. The ALJ was not required to account for unsupported speculation about the frequency of Plaintiff's functional limitations. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (Commissioner is responsible for translating clinical findings into a succinct RFC). Even assuming Plaintiff's view of the evidence is reasonable, the Court cannot say the ALJ's evaluation is unreasonable or unsupported. *Thomas*, 278 F.3d at 954.

        3.     *Kimberly Wheeler, Ph.D.*

Plaintiff argues the ALJ erred by failing to accept Dr. Wheeler's opinion that Plaintiff was moderately limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ask simple questions or request assistance; communicating and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal workday and workweek without psychological disruptions; and set realistic goals and plan independently. Dkt. 9 at 9-10; *see* AR 1221-23. The ALJ accommodated this opinion by including comprehensive mental limitations in Plaintiff's RFC assessment. AR 30; *see Kitchen*, 82 F.4th at 740; *Rounds*, 807 F.3d at 1006. Plaintiff also contends a reasonable ALJ "could have reached a different disability determination." Dkt. 9 at 11. But just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original); *see also Thomas*, 278 F.3d at 954.

    **B.**    **The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

The ALJ considered Plaintiff's testimony and discounted it due to inconsistencies with objective evidence showing medical improvement, limited and unremarkable treatment history, and varied daily activities. AR 31-32. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony.") (emphasis in original).

//

//

1  Plaintiff argues the ALJ failed to properly evaluate the medical evidence. Dkt. 9 at 11. However, as the Court found earlier, the ALJ did not err in evaluating the medical evidence. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

Plaintiff also contends the ALJ erroneously referenced evidence that his seizures and side effects from medication improved. Dkt. 9 at 11-12. The record paints a different picture. The ALJ cited evidence showing improvement or resolution of Plaintiff's symptoms, generally unremarkable presentation despite a lack of treatment, and improvement with medication. AR 31-32 (citing AR 526, 671-77, 1216-18, 1234). Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject testimony. *See, e.g., Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle*, 533 F.3d at 1161. While the ALJ's conclusion may not be the only one, it is rational and supported by substantial evidence.

Similarly, Plaintiff suggests the ALJ failed to fully consider treatment notes observing him as irritated and depressed. Dkt. 9 at 11-12. This argument is unpersuasive. The ALJ is not required to "believe every allegation," *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)), nor to "perform a line-by-line exegesis" of Plaintiff's testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The standard is whether the ALJ's rationale is clear enough to convince. *See Smartt*, 53 F.4th at 499. Here it is, the ALJ found Plaintiff had severe impairments concerning depression and anxiety, but concluded the longitudinal record did not support disability after March 31, 2022. AR 23, 31-32. Although Plaintiff offers an alternative interpretation of the evidence, he does not show error in the ALJ's reasoning. *See Thomas*, 278 F.3d at 954.

//

1       Next, Plaintiff contends the ALJ erred by citing activities that were not analogous with his ability to work. Dkt. 9 at 12. The ALJ did not find Plaintiff's activities commensurate with work activity, however, the ALJ found them inconsistent with allegations of total disability. AR 32. These records show Plaintiff cleaned his house, did laundry, pulled weeds, operated power tools, cared for pets, read articles, and managed his personal hygiene and finances. AR 385-92. An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony. *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's conclusory challenge does not establish the ALJ erred in this assessment; it simply asks the Court to adopt a more favorable interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of activities had more than one rational interpretation); *see also Molina*, 674 F.3d at 1112-1113 ("Even where . . . activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

      Finally, Plaintiff spends several pages summarizing his testimony before asserting a reasonable ALJ could have reached a different decision. Dkt. 9 at 12-16. This does not identify an error in the ALJ's decision. *See Carmickle*, 533 F.3d at 1161 n.2 (the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief); *see also Molina*, 674 F.3d at 1111. As before, just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi*, 870 F.3d at 879-80 (emphasis in original).

//

//

### C. The ALJ Did Not Err in Evaluating Lay Witness Statements

Plaintiff argues the ALJ erred by not providing an explanation for rejecting testimony from Plaintiff's mother, Y.M. Dkt. 9 at 16-17. But the ALJ explicitly considered the lay witness evidence using "such factors as the nature and extent of the relationship, the consistency of the evidence with other evidence, and any other [relevant] factors," and concluded the objective evidence did not support a disability finding. AR 33. Additionally, Plaintiff and Y.M. both testified about his history of seizures, and problems with memory, confusion, agitation, anger, and insomnia. *Compare* AR 450-54 (Y.M. testimony); *with* AR 51-82, 385-92 (Plaintiff's testimony). The ALJ did not err in evaluating Plaintiff's testimony, as previously discussed. As such, neither did the ALJ err in evaluating Y.M.'s testimony. *See Molina*, 674 F.3d at 1121-22.

### CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 14th day of August, 2024.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge